## SWITZ v. PLATTS *et al.*

1. USURY. V. loaned to P. through his agent S. a sum of money at usurious interest, to secure which P. executed a deed of trust on certain land, which deed was foreclosed and the land purchased by V., and by a subsequent contract S. offered for V. to convey the land back upon the payment of the whole amount remaining due according to the usurious note, with interest thereon at ten per cent, and costs of a foreclosure, and of a suit then pending for the balance due on the note; which offer P. accepted, and received a reconveyance of said land, and S. the agent, advanced the entire sum to his principal and took the note of P., payable to himself, for a portion of the amount to be paid.    It was held:

    1. That the usury in the original note did not taint the contract for the reconveyance of the land.

    2. That S. was not a party to a usurious contract, and that the note executed to him by P. was not tainted with usury.

### *Appeal from Scott District Court.*

### WEDNESDAY, DECEMBER 9.

THIS cause was submitted to the Court, and upon the evidence introduced the following finding was made:

1. That defendant made, April 6th, 1858, a loan of one A. M. Vedder, through the plaintiff as the agent of Vedder, of $950; agreeing to pay fifteen per cent interest to Vedder, and ten per cent to the plaintiff, and gave Vedder his note, dated 6th April, 1858, for $1,200 secured by deed of trust on fifty acres of defendant's farm.

2. In April, 1859, defendant paid Vedder on account of this loan, through the plaintiff, acting as Vedder's agent, $200.

3. In May, 1860, Vedder foreclosed his deed of trust by notice and sale (plaintiff being the trustee); the property was sold, and by the trustee conveyed to Vedder, he being the highest and best bidder, for the sum of $500, which, after deducting expenses of sale, left $465, which was indorsed on the $1,200 note.

4. Suit was afterwards brought in the Scott District Court, to recover the balance due on the $1,200 note.

5. While the suit was pending the defendant had an opportunity to sell his farm, provided he could get back the fifty acres thereof which had been sold under the trust deed to Vedder; he saw Switz, the agent of Vedder, and offered to pay him the original amount borrowed, with ten per cent, if Vedder would reconvey the land and give up the note. Switz declined to accept the offer: wrote to Vedder to know what he would do; Vedder proposed if defendant would pay the whole amount due him, according to the note; the expense of advertising and selling the land and of the trust deed, interest to date of payment, and costs and attorney's fees in the pending suit, that he would reconvey the land to Platts, and cancel the balance due on the note against him. Platts accepted the offer. The amount was found to be $1,195.45, the items of which were thus stated in a memorandum made by the plaintiff and delivered to the defendant:

Amount due on note April 6th, 1860, . . . . . . . . $1,100 00
Expense of advertising and sale, . . . . . . . . . . . 35 00

$1,135 00
Interest ten per cent, five months, . . . . . . . . . . . 47 00
Mr. Crawford's fees in suit, . . . . . . . . . . . . . . . . 13 40

$1,195 40

The defendant had not the full amount and could only pay $1,000, and asked the plaintiff to wait for the balance, $195.40. Plaintiff said he had no authority from Vedder to do so, but at length accepted the note in suit payable to himself. When the $1,000 was paid and the $195.40 note given and secured, plaintiff delivered the deed of reconveyance of the fifty acres, and delivered up the $1,200 note. Plaintiff remitted to Vedder $1,077, and kept and owns the note. Vedder has no claims upon and

no interest in it. The defendant interposed the plea of usury. The Court found on the foregoing facts that the plea of usury was not sustained and rendered judgment accordingly.

*Bennett & Whitcomb* for the appellant.

*S. E. Brown* for the appellee.

BALDWIN, Ch. J.—A motion was made by the defendant to set aside the finding of the Court and the conclusions of law thereon, and the overruling of this motion is assigned as error.

The legality of the trustee's sale is not in any manner questioned. The title to the fifty acres of defendant's farm by virtue of this sale passed to Vedder. The contract, therefore, by which Vedder agreed to reconvey was separate and distinct from the original one, and while it appears that Vedder agreed to take in consideration the amount of the original or old indebtedness, yet this fact alone cannot place the parties in the position they were before the sale was made, as it respects the usurious contract, even so far as Vedder is concerned. This case is unlike that of *Campbell* v. *McHarg et al.*, 9 Iowa, 355, cited by counsel, where this Court held, that where there was a change in the character of the securities, the usurious taint if once it existed was carried forward in the new evidences of indebtedness.

But if the plea of usury could be interposed in an action by Vedder to recover the amount defendant agreed to pay for the reconveyance of the fifty acres, could this defense be set up as against the plaintiff under the statement of facts as above made. It is true that plaintiff was fully acquainted with all the equities of both parties, and was advised of the consideration for which the note sued on was given, but he took the note at the request of

defendant and advanced to Vedder the money thereon. Plaintiff was not a party to a usurious contract, nor was he the recipient of any usurious interest. He advanced the money for which the note was given at the instance and request of defendant.

Affirmed.